IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD HOMAN, | : | Civil No. 3:19-cv-1680 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| KATHLEEN HAWK SAWYER, DIRECTOR FEDERAL BUREAU OF PRISONS, | : | |
| Defendant | : | |

## MEMORANDUM

Plaintiff Donald Homan ("Homan" or "Plaintiff"), at all times relevant a federal inmate incarcerated at the Federal Correctional Institution at Schuylkill ("FCI-Schuylkill"), Minersville, Pennsylvania, initially commenced this action in the Eastern District of Pennsylvania on September 18, 2019, against Kathleen Hawk Sawyer ("Sawyer"), the Director of the Federal Bureau of Prisons. (Docs. 1, 2). The Eastern District transferred the matter to this Court on September 23, 2019. (Doc. 5).

Homan seeks to proceed *in forma pauperis*. (Docs. 1, 7, 10). For the reasons set forth below, the motions to proceed *in forma pauperis* will be granted and the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(iii).

I. **Preliminary Review**

A court is required to review complaints prior to service in cases in which an incarcerated plaintiff is proceeding *in forma pauperis*. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails

to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

## II. Homan's Complaint

Homan alleges that on or about November 26, 2018, while incarcerated at FCI-Schulykill, he was assaulted by another inmate. (Doc. 2, pp. 6, 7). He did not seek help for over twenty-four hours. (Id. at 7). At that point, he was taken to the hospital and diagnosed with a broken jaw and an infection. (Id.). He indicates that he underwent surgery to his jaw. He had a metal plate placed in his mouth and his jaw was wired shut. (Id.). He remained in the hospital for four days. (Id.). He alleges that after being released from the hospital prison officials placed him in the Special Housing Unit. (Id.). His meals consisted of Ensure two times per day. (Id.). He further alleges that he received no follow-up care and that officials released him from FCI-Schuylkill on December 21, 2018, with his jaw wired shut and metal plates in his mouth. (Id.). He indicates that he removed the hardware in his mouth with a screwdriver.

He alleges that the above conduct violated his Eighth and Fourteenth Amendment rights. He seeks monetary damages against Defendant Sawyer in her official capacity. (Id. at 4, 7).

## III. Discussion

Homan is a federal prisoner who is alleging that his constitutional rights have been violated by a federal actor. Consequently, his claims are appropriately brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388

2

(1971), the federal counterpart to a civil rights action brought pursuant to 42 U.S.C. § 1983, against state officials who violate federal constitutional or statutory rights. Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978). To state a claim under Bivens, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155–56 (1978).

He brings constitutional claims against Defendant Sawyer, the director of the federal bureau of prisons, in her official capacity. The United States has sovereign immunity except where it consents to be sued. United States v. Mitchell, 463 U.S. 206, 212 (1983). An action against prison officials in their official capacities constitutes an action against the United States and Bivens claims against the United States are barred by sovereign immunity, absent an explicit waiver. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001); Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (holding that suits brought against an official in his or her official capacity are, "in all respects other than name, to be treated as a suit against the" United States); FDIC v. Meyer, 510 U.S. 471, 483 (1994); Jaffee v. United States, 592 F.2d 712, 717 (3d Cir. 1979). Homan has identified no facts or basis for finding a waiver of sovereign immunity by the United States. Because any claim against Defendant Sawyer in her official capacity is a claim

3

against the United States, and because there has been no waiver of sovereign immunity in this context, the Court lacks subject matter jurisdiction over any official capacity claims against Defendant Sawyer. Accordingly, the complaint against Defendant Sawyer will be dismissed with prejudice for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

## IV. Leave to Amend

"The obligation to liberally construe a *pro se* litigant's pleadings is well-established." Haines v. Kerner, 404 U.S. 519, 520-21 (1972); see also Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011) (citing Estelle, 429 U.S. at 106). Consequently, the Court will afford Homan the opportunity to amend his complaint to cure the deficiencies, to wit, identify proper defendants and allege personal involvement as to those defendants.

## V. Conclusion

Based on the foregoing, Homan's complaint (Doc. 2) against Defendant Sawyer will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(iii).

An appropriate Order will issue.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated: October 29, 2019